**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JOE JOHNSON, : | |
| : | |
| Plaintiff, : | |
| v. : | Case No. 1:11-CV-94 (WLS) |
| : | |
| AECOM, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Presently pending before the Court is Defendant AECOM's Motion to Dismiss for Failure to Prosecute. (Doc. 27.) For the following reasons, the instant motion is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE.**

On July 19, 2011, Plaintiff filed a complaint against Defendant brought pursuant to Title VII of the Civil Rights Act of 1964, alleging employment discrimination. (Doc. 1 at 1.) On March 18, 2013, Defendant AECOM filed a Motion to Dismiss for Failure to Prosecute. (Doc. 27.) Defendant argued that this action should be dismissed with prejudice for failure to prosecute because Plaintiff has not complied with this Court's orders, has not provided any responses to Defendant's discovery requests, and has not cooperated with setting deposition dates. (Doc. 27-1 at 1.) On April 17, 2013, pursuant to this Court's practice of informing *pro se* plaintiffs of dispositive motions, Plaintiff was noticed that a dispositive motion had been filed in his case. (Doc. 28.) On April 29, 2013, Plaintiff responded, stating only that he opposed the motion to dismiss, "request[ed] a continuation until the Judge can hear the case" and asserted that he has complied with all of Defendant's requests for documents. (Doc. 29 at 1-2.) In its reply, Defendant denied that Plaintiff has complied with discovery obligations. (Doc. 30 at 1.)

1

A "district court's power to control its docket includes the inherent power to dismiss a case," *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 998 (11th Cir. 1983), "enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) and *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). Involuntary dismissal of a case is permitted where a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). A case may be involuntarily dismissed when there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *See Goforth*, 766 F.2d at 1535 (citations omitted). Dismissing a case with prejudice is a "sanction of last resort, applicable only in extreme circumstances." *Id.* (citing *Jones*, 709 F.2d at 1458).

Attorney for Defendant, Michael Oliver Eckard, filed a declaration swearing, under penalty of perjury, that he "made multiple attempts ... to communicate with Plaintiff regarding scheduling, discovery, and depositions. Plaintiff has been unresponsive [except that Plaintiff returned] one call to say that he was busy but that he would return our call later that day; he never did."[1] (Doc. 27-4 at 1.) In his Response, Plaintiff asserted that he complied with all requests for documents made by Defendant. (Doc. 29 at 2.) However, Plaintiff did not assert such compliance under the penalty of perjury, nor did Plaintiff provide any evidence that he complied with discovery requests. (*Id.*) In its Reply, Defendant disputed Plaintiff's assertion that he has not produced all documents Defendant had requested. (Doc. 30 at 1.)

---

[1] This declaration is given the legal effect of an affidavit pursuant to 28 U.S.C. § 1746.

This Court finds that Defendant has failed to comply with this Court's Amended Discovery and Scheduling Order, which was entered June 27, 2012. (Doc. 24.) The Court granted Plaintiff's Motion for Extension of Time to Retain Counsel on August 1, 2012. (Doc. 20.) The Court granted Plaintiff an additional 30 days to retain counsel on September 18, 2012. (Doc. 22.) Plaintiff has still not retained counsel. (*See generally* Docket.) Further, Plaintiff was informed that it would be his responsibility to proceed with the prosecution of his case if he did not retain counsel or he would risk dismissal. (Doc. 6 at 2.) Based on the foregoing, the Court finds Plaintiff has willfully failed to comply with this Court's Orders and, as such, finds that Plaintiff demonstrates a "clear record of delay or willful contempt." *See Goforth*, 766 F.2d at 1535. Because Plaintiff has been granted numerous continuances and has continually failed to comply with this Court's order, the Court also finds that "no lesser sanction" than involuntary dismissal will suffice. *See id.*

The Court is mindful that Defendant moved for dismissal with prejudice. (Doc. 27.) The Court notes that Plaintiff is proceeding *pro se*. (*See generally* Docket.) This Court has a longstanding practice of treating *pro se* litigants with leniency. Dismissal with prejudice is an extreme sanction and one of last resort. *Goforth*, 766 F.2d at 1535. Because this case has not been previously dismissed, the Court finds that dismissal without prejudice is a "lesser sanction" than dismissal with prejudice, and it will suffice. *See id.*

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**SO ORDERED**, this   23rd   day of August, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**